D. L. SWANEY AND ANOTHER v. J. S. CRAWLEY.[1]

January 12, 1923.

No. 23,201.

**When question is for jury error to direct verdict.**
> The evidence was sufficient to entitle plaintiffs to have the issues made by the pleadings submitted to the jury, and it was error to direct a verdict in defendant's favor.

After the former appeal the case was tried before Dean, J., who when plaintiffs rested granted defendant's motion to dismiss the

[1]Reported in 191 N. W. 583.

action on the ground that no cause of action had been proved. From an order denying their motion for a new trial, plaintiffs appealed. Reversed.

*Allen & Allen,* for appellants.

*F. B. Faber* and *Haycraft & McCune,* for respondent.

LEES, C.

This case was here before. The facts are fully stated in the opinion delivered on the former appeal. See 133 Minn. 57, 157 N. W. 910. On that appeal the order denying a new trial was reversed, unless, within ten days after the cause was remanded, plaintiffs filed their consent to a reduction of the verdict to $100. Such consent was not filed. The second trial was by jury. When plaintiff rested, the court dismissed the case on the ground that no cause of action had been proven. A motion for a new trial was denied and plaintiffs appealed.

Before the second trial, the complaint was amended by adding an allegation that plaintiffs were required to pay interest at the rate of 8 per cent on the second mortgage of $4,000, and that it was the custom of money lenders to exact interest at that rate when the security was a second mortgage. In support of this allegation, one of the plaintiffs testified that, in the vicinity of the premises in question, the customary interest charge on loans secured by a second mortgage was 8 per cent at the time when the $4,000 mortgage was given. He also testified that, although the mortgage as written bore interest at the rate of 6 per cent, plaintiffs had to pay a bonus of $400 to the mortgagee in order to obtain the loan, and that they got the loan as cheaply as they could. There was proof of the contract between plaintiffs and Dowdall, to which reference was made in the opinion heretofore rendered. The sole question presented is whether the proofs were such that plaintiffs were entitled to go to the jury on either or both of the two items sought to be recovered, namely $100 for services and $400, representing the difference between interest on $4,000 at 6 per cent and interest thereon at 8 per cent for a term of 5 years.

Defendant justifies the dismissal of the action on the ground that his knowledge of the contract between plaintiffs and Dowdall was not shown. The rule is that such knowledge is an essential element of a cause of action based on defendant's wilful interference with plaintiff's contractual relations with a third person. Twitchell v. Glenwood-Inglewood Co. 131 Minn. 375, 155 N. W. 621; 7 Minn. Law Rev. 69. It is not necessary to prove actual knowledge. It is enough to show that defendant had knowledge of facts which, if followed by reasonable inquiry, would have led to a complete disclosure of the contractual relations and the rights of the parties. Twitchell v. Glenwood-Inglewood Co. supra. We have examined the record with this rule in mind and have come to the conclusion that it contains sufficient evidence to support a finding by a jury that defendant had knowledge of facts which made it his duty to inquire into the contractual relations between plaintiffs and Dowdall, and that such inquiry would have disclosed all the terms of the contract. Since the case must be tried again, we refrain from commenting on the evidence. It did not clearly or definitely show that defendant had knowledge of the terms of the contract, but there was enough to require a submission of the question to the jury.

Order reversed.